This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CANDICE MONTEIL,**

Plaintiff-Appellee,

v.                                                                                          **NO. 34,397**

**DAVID GOSLIN,**

Defendant,

and

**RONALD BOYD**,

Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia LaMar, District Judge**

David F. Cunningham
Santa Fe, NM

for Appellee

Ronald Boyd
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Appellant has appealed from an award of attorney fees, imposed as a sanction for his failure to appear. We previously issued a notice of proposed summary disposition in which we proposed to uphold the award. Appellant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    The pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition. We will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}    As we previously observed, the award was entered pursuant to the district court's inherent authority. *See generally State ex rel. N.M. Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 12, 120 N.M. 1, 896 P.2d 1148 (providing that the courts possess the inherent authority independent of statute or rule, to award attorney fees to vindicate judicial authority, *inter alia*). Although Appellant continues to assert that his conduct was not sufficiently culpable to warrant the imposition of sanctions, [MIO 1-2] Appellant's failure to appear at the scheduled hearing on the merits, of which he was clearly notified, [RP 85] supplies an adequate basis for the district court's

exercise of authority. *See generally In re Jade G.*, 2001-NMCA-058, ¶ 28, 130 N.M. 687, 30 P.3d 376 ("Under its inherent authority, a court may sanction parties and attorneys to ensure compliance with the proceedings of the court."). We perceive no abuse of discretion.

{4}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**